IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGEL FREEMAN,

                Plaintiff,

v.

NANCY A. BERRYHILL,

                Defendant.

OPINION & ORDER

17-cv-200-jdp

---

Plaintiff Angel Freeman seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled under the Social Security Act. The court heard oral argument on October 26, 2017. For reasons explained during oral argument and summarized here, the court will grant Freeman's motion for summary judgment and remand the Commissioner's decision.

Freeman has marked limitations in concentration, persistence, and pace, as the administrative law judge acknowledged. But the ALJ's residual functional capacity and the hypothetical posed to the vocational expert do not account for those limitations. The ALJ also failed to adequately explain her reasons for discounting the opinion of Freeman's treating physician.

ANALYSIS

**A. Concentration, persistence, and pace**

The ALJ's hypothetical did not account for Freeman's CPP limitations, as required under *O'Connor-Spinner v. Astrue* 627 F.3d 614 (7th Cir. 2010).

A treating source, a consultative examiner, and a medical expert all agreed that Freeman had marked CPP limitations. But the ALJ asked the vocational expert to assume that the hypothetical worker could perform only "simple, routine, [and] repetitive tasks," was precluded from "fast paced production and quota," and was "off task 10 percent of the workday." R. 896, 900.[1] The *O'Connor-Spinner* line of cases make clear that restricting one's work to "simple, routine, repetitive tasks" does not address marked CPP limitations. 627 F.3d 614, 619 (7th Cir. 2010). The ALJ's hypothetical had two additional restrictions—no fast-paced production and Freeman would be off-task for 10 percent of the workday—but the ALJ did not articulate Freeman's actual CPP impairments or explain how these restrictions would address them. The record shows that both the ALJ and medical expert failed to distinguish between Freeman's limitations in memory and cognition with her CPP issues. The medical expert invoked "simple, routine, repetitive tasks" as the answer to CPP limitations, *see, e.g.*, R. 884, but "[t]he ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620.

In considering Freeman's limits in her ability to concentrate, the ALJ and the medical expert placed undue emphasis on a report by a consultative psychological expert that Freeman played video games for two to three hours. R. 362. The ALJ discounted the opinion of that consultative expert, but both the ALJ and the medical expert apparently viewed the game-playing as evidence that Freeman could sustain concentration. But this erroneously equated video games with work, and neither the ALJ nor the medical expert explained how this was the case. The record does not show how Freeman actually played video games (e.g., whether she

---

[1] Record cites are to the administrative transcript, located at Dkt. 9.

pauses and takes breaks, whether she has trouble with concentration even when playing video games, whether her video games actually require sustained attention, etc.). The medical expert and the ALJ apparently assumed that any video game would require the same level of concentration and persistence as work tasks. But without developing the record relating to Freeman's video-game playing, this assumption is unwarranted.

The bottom line is that Freeman has limitations both in the complexity of the tasks she can perform and also in her ability to concentrate on them and to persist in them. The ALJ did not fairly explain what Freeman's limits in CPP were, and she did not come up with an RFC and a hypothetical that addressed those limits supported by the record.

**B. Treating source opinion**

Freeman also contends that the ALJ erred in assessing opinions of various medical sources, particularly that of her treating physician, Dr. Stodola. Dr. Stodola opined that Freeman had a bipolar disorder and that Freeman would be off-task at least for 25 percent of each workday. The medical expert endorsed the bipolar disorder diagnosis, but the ALJ gave Dr. Stodola's opinion only little weight. The ALJ failed to provide an adequate reason for discounting the opinion.

The ALJ explained:

> [Freeman's] thought processes and cognitive functioning are intact. She had some reduced memory, but she seemed to be able to follow along with testing. She was noted as cooperative during evaluations. It seems much of her significant issues, such as a psychiatric hospitalization, occurred before the alleged onset date. Taking all the evidence collectively into account, including variability of symptoms, low average memory, sometimes intact objective examinations as well as the ability to follow along and complete serial 3s and 3-step commands, a 10% off task limitation, along with the no exposure to fast paced production or quotas, is more appropriate and still adequately accounts for the marked concentration, persistence or pace.

R. 838. The variability of Freeman's symptoms was not a valid reason to discount Dr. Stodola' opinion, because variability of symptoms is part of the very nature of bipolar disorder. None of the positive signs noted by the ALJ—intact cognitive functioning, ability to follow along with testing, being cooperative during evaluations—is inconsistent with severe bipolar disorder. And it appears that the ALJ substituted her own judgment for that of the treating physician. On remand, the ALJ must provide sound reasons for discounting an opinion of any treating source.

ORDER

IT IS ORDERED that:

1. The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Angel Freeman's applications for disability benefits is REMANDED.

2. Plaintiff's appeal is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered October 30, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge