IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGEL FREEMAN,

                     Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

                     Defendant.[1]

ORDER

17-cv-200-jdp

---

      Plaintiff Angel Freeman appealed the decision of the commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The court remanded the case to the agency for further proceedings. On remand, the commissioner determined that Freeman was eligible for both types of benefits she sought. Dkt. 21-2 and Dkt. 21-3. Duncan now moves for an attorney fee award of $5,291.64 pursuant to 42 U.S.C. § 406(b). Dkt. 21. The commissioner does not oppose Duncan's fee request. Dkt. 25.

      Section 406(b) allows the court to award a prevailing plaintiff's attorney a fee of up to 25 percent of past-due benefits. Duncan says that the agency has withheld 25 percent of Freeman's past-due disability benefits, or $12,694.00, and 25 percent of her past-due supplemental security income, or $600.84, for the payment of attorney fees. Dkt. 21, at 2. He says that this court has already awarded him $4,850.00 in attorney fees under the Equal Access

---

[1] The court has changed the caption in this case to reflect that Andrew M. Saul was confirmed as the Commissioner of the Social Security Administration after Freeman filed this lawsuit.

to Justice Act (EAJA), 28 U.S.C. § 2412.[2] And he says that he is seeking $3,153.20 in fees directly from the agency for his representation of Freeman at the administrative level.

These figures, if accurate, would cap Duncan's fee award from this court at the $5,291.64 that he requests. But Duncan has again failed to provide adequate support for his fee petition. *See, e.g.*, *Fox v. Saul*, Case No. 13-cv-774, Dkt. 47 (W.D. Wis. Feb. 7, 2020). Although the $12,694.00 that he says the agency withheld from Freeman's disability benefits is supported by the documentation he provides, *see* Dkt. 21-2, at 3, neither the $600.84 that he says the agency has withheld from her supplemental benefits nor the $2,403.36 in past-due benefits to which it would correspond appears anywhere in Duncan's supporting documentation, *see* Dkt. 21-3.

Without the ability to verify Duncan's calculations, the court cannot determine whether he is entitled to the fee he seeks, so the court will deny Duncan's motion without prejudice. If he wishes to receive any further fees from this court for his representation of Freeman, he must submit a motion that explains the basis for his calculations and demonstrates that his figures correspond to Freeman's actual past-due benefit awards. Each figure in Duncan's motion must be supported with a citation to a specific page number in Duncan's supporting documentation so that the court does not need to scour the record to verify Duncan's figures.

---

[2] The record in this case does not show any EAJA award, but it appears that Duncan is referring to a prior case in which he represented Freeman in which he received an EAJA fee award in this amount. *See Freeman v. Colvin*, Case No. 15-cv-473, Dkt. 22 (W.D. Wis. Mar. 29, 2016).

ORDER

IT IS ORDERED that Dana W. Duncan's motion for $5,291.64 in attorney fees under 42 U.S.C. § 406(b), Dkt. 21, is DENIED without prejudice.

Entered July 22, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge