IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGEL FREEMAN,

                    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

                    Defendant.

OPINION and ORDER

17-cv-200-jdp

---

Plaintiff Angel Freeman's attorney, Dana W. Duncan, has submitted a renewed motion for attorney fees. Dkt. 28. He seeks an award of $5,291.64 pursuant to 42 U.S.C. § 406(b). He says that this represents 25 percent of Freeman's past-due disability benefits, or $12,694, plus 25 percent of her past-due supplemental security income, or $600.84, less the $4,850 that the court awarded him in fees under the Equal Access to Justice Act (EAJA), and less the $3,153.20 he seeks in fees directly from the agency for his work at the administrative level.

The court denied Duncan's previous motion because he didn't explain the basis for the asserted value of Freeman's past-due supplemental security income. Dkt. 27. In his renewed motion, he clearly explains the calculations that support this figure, and the court is satisfied that it is correct.

Although Duncan's fee request does not exceed § 406(b)'s cap of 25 percent of past-due benefits, and although Freeman agreed to pay a contingent fee of 25 percent of any back benefits awarded, Dkt. 21-1, Duncan still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation,

and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that Duncan's requested fee is reasonable. Duncan submits a record of his time showing that he performed 22.6 hours of work in this court. Dkt. 21-4. This yields an effective rate of approximately $449 per hour. This rate is elevated, but the court has approved significantly higher rates under § 406(b) for comparable results. *See, e.g.*, *DeBack v. Berryhill*, No. 17-cv-924-jdp, Dkt. 31 (W.D. Wis. May 4, 2020) (approving effective rate of $800 per hour); *Fischer v. Saul*, No. 17-cv-327-jdp, 2019 WL 5310676 (W.D. Wis. Oct. 21, 2019) (approving effective rate of $641 per hour); *Ferg v. Berryhill*, No. 15-cv-665-jdp, 2018 WL 3574874 (W.D. Wis. July 25, 2018) (approving effective rate of $777 an hour). Duncan's elevated hourly rate reflects the risk of non-recovery under contingent fee agreements, which are necessary to encourage attorneys to represent Social Security claimants on appeal. *See McGuire*, 873 F.2d at 980.

The requested fee is reasonable in light of Duncan's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases. Because Duncan isn't requesting the full amount reserved by the commissioner but is rather offsetting his fee request by the $4,850 he's already received under the EAJA, he doesn't have to return his earlier fee award to Freeman. *See Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for $5,291.64 in attorney fees under 42 U.S.C. § 406(b), Dkt. 28, is GRANTED.

Entered October 29, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge